UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARIA CAI,

        Plaintiff,

-against-

FREQUENCY NETWORKS, INC.,

        Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
16 CV 3084 (LDH)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 13 2016 ★
BROOKLYN OFFICE

LaSHANN DeARCY HALL, United States District Judge.

    Plaintiff Maria Cai, proceeding *pro se*, commenced this action on June 9, 2016, and predicates jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

**I. Background**

    The following facts are drawn exclusively from the complaint, and are assumed to be true for purposes of this Memorandum and Order. Plaintiff, a resident of Richmond County, brings this action against defendant, Frequency Networks, Inc., a California company. Although unclear, plaintiff's complaint alleges that, in 2014, she facilitated the investment of three million dollars in venture capital to Frequency Networks, Inc. (Compl. at ¶ III.) She further alleges that the Chief Executive Officer ("CEO") of Frequency Networks, Inc. agreed to give plaintiff a "finder's fee" of 3.5 percent of the three million dollar investment. (Id.) Plaintiff alleges that she was due to receive three separate payments of $35,000.00. To date, she has only received one payment. (Id.) Plaintiff seeks $70,000.00 for the commission she is allegedly owed, or an undetermined amount of stock. (Id. at ¶ IV.)

1

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Further, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read *pro se* complaints liberally and interpret them as raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

### b. Lack of Subject Matter Jurisdiction

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure

2

that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006).

Pursuant to 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." See Mallgren v. Motion Recruitment Partners Inc., No. 13 CV 1054, 2013 WL 1873304, at *3 (E.D.N.Y. May 2, 2013). Here, Plaintiff relies exclusively on federal diversity jurisdiction, under 28 U.S.C. § 1332. Although plaintiff alleges that she is a resident of New York and that defendant is deemed to reside in California, she fails to meet her burden "of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.'" Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994); Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). Specifically, plaintiff appears to be alleging $70,000.00 in damages. Thus, her claim, as presently pleaded, fails to meet the jurisdictional amount. See Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999) (there is a rebuttable presumption that the face of the complaint is a good faith representation of the amount in controversy). Accordingly, for the reasons explained above, the Court finds that it may lack subject matter jurisdiction over plaintiff's complaint.

**III. Leave to Amend**

"Before determining that the amount in controversy requirement has not been met, the court must afford plaintiff the opportunity to show good faith in believing that a recovery in excess

3

of [$75,000] is reasonably possible." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996); Baltazar v. Earth Ctr. of Maanu, Inc., No. 14 CV 3543, 2014 WL 3887717, at *2 (E.D.N.Y. July 11, 2014). In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is granted 30 days leave from the entry of this Memorandum and Order on the docket to file an amended complaint. Should plaintiff elect to file an amended complaint she must demonstrate that a good faith basis exists to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. Plaintiff is advised that any amended complaint she files will completely replace the original complaint.

The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this memorandum and order, judgment dismissing the action for lack of subject matter jurisdiction shall be entered. Fed.R.Civ.P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                  s/ LaShann DeArcy Hall
                                                LaSHANN DeARCY HALL
                                                United States District Judge

Dated: Brooklyn, New York
       July 12, 2016