UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARIA CAI,

                Plaintiff,

                          **MEMORANDUM AND ORDER**
    -against-                      16-CV-3084 (LDH) (SJB)

FREQUENCY NETWORKS, INC.,

                Defendant.
-------------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

       Pro se Plaintiff Maria Cai brings this action against Defendant Frequency Networks, Inc. alleging a breach of contract. Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), or, in the alternative, to dismiss the complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant also moves for attorneys' fees.

## BACKGROUND

       In 2013, Plaintiff, a citizen of New York, began raising capital for Defendant, a California-based company.[1] (Am. Compl. 4–5, ECF No. 5.) Plaintiff and Blair Harrison, Defendant's CEO, agreed that Defendant would pay Plaintiff a $35,000 consultant fee on each monthly invoice she sent to the company. (*Id.*) Plaintiff sent the company three invoices. (*Id.*) Defendant sent Plaintiff one check for $35,000, dated March 13, 2014. (*Id.* at 5, 10.) On the same day, Harrison sent Plaintiff an email in which she asked Plaintiff to agree that the email would "confirm our agreement that this payment of $35,000 for consulting services plus the 75,000 share stock option grant together constitute payment in full by Frequency of any and all

---

[1] The facts contained in this paragraph are taken from the amended complaint and an exhibit to Defendant's answer; they are not findings of fact by the Court.

1

amounts owed to you as of this date for any reason whatsoever." (Answer to Am. Compl. Ex. A, ECF No. 12-1.) In the email, Harrison asked Plaintiff to reply that she agreed to the statement. (*Id.*) The next day, Plaintiff responded, "I Confirm." (*Id.*) Harrison then forwarded the email exchange to two employees of Defendant, Rita Tocco and Mike Gordon, writing, "Confirmation of full and final settlement with Maria Tsai." (*Id.*)

On June 9, 2016, Plaintiff commenced this diversity action, alleging that Defendant owed her $70,000 in business commission fees for the two unpaid invoices, 75,000 shares of stock in cash value, and $315 for a cellphone. (*See* Compl. 5.) On July 13, 2016, the Court dismissed Plaintiff's complaint for failure to satisfy the amount-in-controversy requirement. (*See* Order to File an Amended Complaint, ECF No. 4.) Plaintiff was granted thirty days to amend. (*Id.*)

Plaintiff filed an amended complaint on July 18, 2016, alleging that Defendant owes her $70,000 in commission, "75,000 shares of stock" at a price of "$1 per share or more after years of business evaluation," and $315 for a cellphone. (*See* Am. Compl. 5–6.) In the amended complaint, Plaintiff maintained that when her stock matured "after one year from issue date, [she] still could not liquidate it." (Am. Compl. 5.) In support of her claim, Plaintiff attached a Stock Option Agreement between Defendant and Plaintiff dated March 10, 2014. (Am. Compl. 8.) Pursuant to the Stock Option Agreement, Defendant granted Plaintiff the option to purchase 75,000 shares of common stock, at an exercise price of $0.195 per share. (*Id.*) The option to purchase is set to expire on March 9, 2024. (*Id.*)

On November 23, 2016, Defendant filed an answer, denying the allegations and asserting as affirmative defenses that: (1) the amended complaint fails to state a claim upon which relief can be granted; (2) the Court lacks subject-matter jurisdiction because Plaintiff has not met the amount-in-controversy requirement to establish diversity jurisdiction under § 28 U.S.C. 1332; (3)

the Eastern District of New York is the improper venue for the action because Defendant is a California company and the events giving rise to the claim occurred in California; (4) Plaintiff was paid in full for any and all amounts owed; (5) Plaintiff released her claim against Defendant; and (6) Plaintiff's claims are barred by the doctrines of accord and satisfaction, promissory estoppel, and fraud in the inducement. (*See* Answer.) On March 31, 2017, Defendant filed the instant motion.

## STANDARD OF REVIEW

When a party moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990). If a court finds that it lacks subject matter jurisdiction, "then the accompanying objections and defenses become moot." *Id.*

A case is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction when "the district court lacks the statutory or constitutional power to adjudicate it." *Pivotal Payments, Inc. v. FVA Ventures, Inc.*, No. CV 11-5713, 2012 WL 3887360, at *2 (E.D.N.Y. July 30, 2012) (quoting *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)). A party invoking federal jurisdiction "must allege in [its] pleading the facts essential to show jurisdiction," and "must support [those facts] by competent proof." *U.S. ex rel Phipps v. Comprehensive Cmty. Dev. Corp.,* 152 F. Supp. 2d 443, 448 (S.D.N.Y. 2001) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 178 (1936).

On a Rule 12(b)(1) motion, "the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The court may refer, however, to evidence outside the pleadings. *See Makarova v. United States*, 201 F.3d 110,

113 (2d Cir. 2000). When a plaintiff proceeds pro se, in addition, the court will read her submissions liberally and "interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citing *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d 1993)). Yet, still, a pro se "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

## DISCUSSION

### I. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). In other words, when a court lacks subject matter jurisdiction, dismissal is mandatory. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Federal jurisdiction is available only when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. This case does not present a federal question. For diversity jurisdiction, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The court will only dismiss a case

4

for lack of jurisdiction on amount-in-controversy grounds if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).  To constitute "legal certainty," the "legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim." *Scherer*, 347 F.3d at 397 (quoting *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070–71 (2d Cir. 1996)).

The parties in the instant case do not dispute that they are citizens of different states. Defendant argues, however, that Plaintiff's claims do not satisfy the $75,000 amount-in-controversy requirement.  (*See* Def.'s Mot. 6–7).  The Court agrees.

Based on the pleadings, the "matter in controversy" is, at most, $70,315: the sum of the two invoices Defendant allegedly failed to pay ($70,000) and the cellphone ($315).  The Court declines, however, to include the purported value of the stock liquidation shares in its determination of whether the amount in controversy has been met.

Certainly, the value of shares of stock may, in some circumstances satisfy the amount-in-controversy requirement.  *See, e.g.*, *Weeks v. American Dredging Co.*, 451 F. Supp. 464, 466–67 (E.D. Pa. 1978); *Rosen v. Alleghany Corp.*, 133 F. Supp. 858, 864 (S.D.N.Y. 1955); *Preece v. Physicians Surgical Care, Inc.*, 2006 WL 1470268 *1, *4 (S.D. Tex. May 26, 2006).

Here, however, Defendant gave Plaintiff only stock options, not actual stocks.  (*See* Am. Compl. 8.)  Plaintiff does not allege that Defendant failed to assign her the promised stock options.  Plaintiff likewise does not allege that Defendant failed to meet its commitment to sell her the stocks at the agreed-upon price after an attempt by Plaintiff to exercise her option. Indeed, Plaintiff has over six years until March 9, 2024 to exercise her option pursuant to the Stock Option Agreement.  There are simply no allegations that might support a claim for the

payment of actual stocks.  Because there are neither stocks nor stock options at issue, the amount in controversy is $70,315, which falls below the jurisdictional minimum.  Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.[2]

**II.     Attorneys' Fees**

Defendant also asks that the Court award it attorneys' fees incurred in connection with defending this action to date.  That request is denied.

Federal courts have inherent authority to assess attorneys' fees "when a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975)).  To impose sanctions, there must be "clear evidence that the challenged actions are *entirely without color*" and are initiated to harass or delay the proceedings or for other improper purposes.  *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (emphasis in original) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986), *cert. denied*, 480 U.S. 918 (1987)).  A claim is colorable "when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980).

While a court can order a pro se litigant to pay legal fees, *see Sassower v. Field*, 973 F.2d 75, 79 (2d Cir. 1992) (holding that federal courts can order *pro se* litigants to pay legal fees pursuant to courts' inherent power and Rule 11), the court must adequately warn the pro se litigant before imposing such an order.  *See Golub v. Univ. of Chicago*, 1992 WL 333641, at *3–*4 (E.D.N.Y. Oct. 26, 1992).  In addition, "[l]ack of meritorious claims alone does not warrant

---

[2] Because the Court lacks subject matter jurisdiction over this action, it need not address Defendant's remaining affirmative defenses.

. . . sanctions, especially if a plaintiff is proceeding *pro se*." *Shahid v. Ridgewood-Bushwick Senior Citizens Council*, No. 03-CV-4949, 2005 WL 1009549, at *1 (E.D.N.Y. Apr. 26, 2005).

Here, there is no evidence that Plaintiff acted in bad faith, engaged in delaying litigation tactics, or filed frivolous motions. Plaintiff's claim concerns a real monetary dispute between the parties. The dismissal of Plaintiff's action for lack of subject matter jurisdiction alone is not a basis for sanctions. Accordingly, Defendant's request for attorneys' fees is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is GRANTED, in part, and DENIED, in part. Pursuant to Rule 12(h), Plaintiff's Amended Complaint is dismissed for lack of jurisdiction. Defendant's request for attorneys' fees is DENIED. The Clerk of the Court is directed to close this case.

Dated: Brooklyn, New York
 November 3, 2017         SO ORDERED:

                  /s/LDH
                 LaSHANN DeARCY HALL
                 United States District Judge